Stewart O. Peay (9584)
Gary K. Wilkinson (16609)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: speay@swlaw.com
              gwilkinson@swlaw.com

*Attorney for Defendants Utah Cord Bank, Inc.
  and Eliott Spencer*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| Surgenex, LLC, an Arizona Limited Liability Company; Abel Bullock, an individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>Utah Cord Bank, Inc., a Utah Corporation; Doug Schmid, an individual; Eliott Spencer, and individual,<br><br>      Defendants. | **SHORT FORM MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA**<br><br>**(EXPEDITED)**<br><br>Civil No.  2:18-mc-00547-RJS<br><br>Judge Robert J. Shelby |

Pursuant to DUCivR 37-1, Utah Cord Bank, Inc. ("**UCB**") and Eliott Spencer (collectively "**Defendants**") respectfully request the Court to compel Predictive Biotech, Inc. ("**Predictive**") to comply with the subpoena *duces tecum* ("**Subpoena**") issued in connection with litigation in the District of Arizona.

**ARGUMENT**

Parties are entitled to "discovery regarding any nonprivileged matter … relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Relevance, in the context of discovery, is

broadly defined as it "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  A "non-party witness is subject to the same scope of discovery … as a party to whom a request is addressed pursuant to Rule 34." Fed.R.Civ.P. 45, advisory committee's notes.

Although no longer a party to the suit because of jurisdictional issues, Predictive was named as a nonparty at fault, and has discoverable information. Defendants served Predictive with a subpoena on May 30, 2018.[1] On June 15, 2018, Predictive objected to the Subpoena without producing any documents.[2] To address Predictive's objections, counsel for Defendants reached out on June 20, 2018,[3] requesting that Defendants and Predictive meet and confer regarding Predictive's objections. The conferral occurred on July 5, 2018.  Defendants were willing to narrow Requests 2-4, and 6, to compromise in response to Predictive's concerns. Namely, Requests 2-3 would be narrowed to the time in which Doug Schmid began working with Predictive, and Requests 4 and 6 would not include public information.  Predictive, however, maintained its objections and was unwilling to compromise.

Defendants now move to compel production of documents related to Requests 2–6 of the Subpoena. Requests 2–6 seek documents that relate to the claims levied against Defendants.  In the litigation, Plaintiffs attempt to hold Defendants liable for Predictive's business with Plaintiffs' former clients and Predictive's alleged misappropriation of Plaintiffs' trade secrets on a theory that, at least Doug Schmid, a former UCB owner and now Predictive employee, took Plaintiffs' trade secrets to Predictive in conspiracy with Defendants and in breach of nondisclosure obligations.

The documents sought relate to Predictive's courting of Doug Schmid, and other former UCB agents, and the business Predictive is doing in competition with Plaintiffs.  Plaintiffs'

---

[1] Predictive Subpoena, Exhibit A.
[2] Predictive Objections, Exhibit B.
[3] Letter to M. Gorman, Exhibit C.

2

damages rely on purported communications with Plaintiffs' former customers who reported they are now doing business with Predictive.  Predictive's sales are needed to confirm or refute that theory.  The documents requested include, *inter alia*: Predictive's sales by month, product, and customer names; efforts made by Predictive to obtain product information on UCB or Plaintiff Surgenex, LLC; and all contractual agreements and negotiations between Predictive and Doug Schmid.[4] All these requests are relevant to support Defendants' defense in the litigation.

The parties are unable to resolve the dispute without judicial intervention. Defendants therefore request the Court order Predictive to produce documents sought in Requests 2–6 and to establish a date certain for the production of those documents.

DATED this 10th day of  July, 2018.

SNELL & WILMER L.L.P.

/s/ Stewart O. Peay
Stewart O. Peay
Gary K. Wilkinson

*Attorneys Utah Cord Bank, Inc.*
*   and Eliott Spencer*

---

[4] Exhibit A.

3

### **DUCIV R 37-1(a)(1) CERTIFICATION**

Defendants are represented by undersigned counsel for the purpose of prosecuting this Motion to Compel. Defendants' counsel in the litigation Stewart Peay and Trisha Farmer Lau were involved in the meet-and-confer communications with Predictive's counsel Marina Tsatalis of Wilson Sonsini Goodrich & Rosati P.C. The meet-and-confer took place via telephone conference on July 5, 2018, at 5 p.m. ET. Defendants' counsel made reasonable efforts to reach agreement on the disputed matters before filing this Motion, as demonstrated by the meet and confer letter and the subsequent conferral phone conversation outlined above. *See* Exhibit C.

                                            SNELL & WILMER L.L.P.

                                            /s/ Stewart O. Peay
                                            Stewart O. Peay
                                            Gary K. Wilkinson

                                            *Attorneys Utah Cord Bank, Inc.*
                                                *and Eliott Spencer*

4827-0035-1340

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of July, 2018, a true and correct copy of the foregoing SHORT FORM MOTION TO COMPEL COMPLIANCE WITH THIRD-PARTY SUBPOENA was served on the following via email and U.S. Mail, postage prepaid to:

Daniel S. Ho
Justin L. Wyatt
Ho Law Group, PLC
11811 N. Tatum Blvd, Suite 2900
Phoenix, AZ  85028
daniel@holawplc.com
justin@holawplc.com

Matthew Gorman
Wilson Sonsini Goodrich & Rosati P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
mgorman@wsgr.com

                                        /s/ Stewart O. Peay